## Chicago & Eastern Illinois R. R. Co. v. Robert A. Knapp.

1. Questions of Fact—*In Personal Injury Cases.*—In actions for personal injuries, the questions as to whether, under all the circumstances, the plaintiff was in the exercise of ordinary care for his personal safety, and as to whether the defendant was negligent, are for the jury.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Kankakee County; the Hon. Charles R. Starr, Judge, pre-

siding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

W. H. LYFORD, attorney for appellant; W. J. CALHOUN, of counsel.

D. & T. J. SHEEAN and J. M. SHEEAN, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee to recover damages from the appellant for the loss of his hand, occasioned by being caught between a coupling-pin and the dead-wood of the draw-bar of one of appellant's cars, while trying to adjust the pin, in discharge of his duties as conductor of a freight train, at Brazil, in the State of Indiana, which pin had not passed down to its proper place.

The appellee obtained a verdict from a jury for the sum of $5,000, upon which judgment was rendered. There is no point made as to the excess of damages.

It appears from the averments in the declaration that the points of negligence charged against appellant were, that the draw-bar on the car had no shoulder, collar-plate or other device to prevent the draw-bar from sliding under the car; that the supporting straps on the right side of the draw-bar were loose and detached, so that said draw-bar was not confined in its movements to its proper socket, and that the said coupling-pin was held out of its hole in the draw-bar, because of its not being a proper appliance to be used in connection with the draw-bar in question. The appellee's left hand, while he was engaged in coupling, was caught and pinioned between the head of the said coupling-pin and the dead-woods on said car, by which it was crushed and mangled and two fingers thereof totally destroyed, and the usefulness of the remaining fingers on said hand greatly impaired, and the usefulness of the whole left arm of appellee permanently injured, etc.

The appellee averred in the declaration that he had no means of knowing of the faulty construction of the said

draw-bar and coupling device in question, or failure to have a collar-plate thereon, or of the supporting straps thereon being loose and detached, and that there was no way by which he could foresee and anticipate any danger from attempting to press down the said coupling-pin through the draw-bar, and that in going between said cars in attempting to press down the said coupling-pin, and in all things in discharge of his duties in making up and inspection of the said train, and previous to the time of the injury in question, he was in the exercise.of due and reasonable care and caution for his personal safety; and the appellant, in performing its duties as alleged, was not in the exercise of reasonable care and caution to provide appellee with reasonably safe appliances and devices for the performance of his duties, etc.

Another count, by way of amendment to the declaration, charged the negligence touching the draw-bar and coupling-pin in a somewhat different manner, in that the coupling-pin used was designed for a different style of draw-bar, the hole in the draw-bar for the insertion of the coupling-pin being flat and oval in shape and intended for a flattened coupling-pin, while the coupling-pin in use was round, and consequently unsafe to use with the draw-bar, and said pin was too large for insertion in the hole of the draw-bar, so that the said car, with the appliances described, was in an unsafe and dangerous condition, etc., and that said car was negligently received from the Vandalia railroad without proper inspection, etc.

The evidence shows that the appellee was a conductor of a freight train between Momence, Illinois, and Brazil, Indiana, being about 130 miles between the two termini, and there was at Brazil a system of car inspection.

The appellee's hand was injured April 10, 1895, while attempting to adjust a coupling-pin and to shove it down to its proper place, which pin he saw sticking up in the draw-bar about two inches above it. The pin was round and the hole through the draw-bar oblong, the pin not being made to be used in such a draw-bar. The evidence further tended to show that there was no device used to

prevent the draw-bar from going in under the car, and that, while appellee went in between the cars to inspect the coupling and was trying to pull the coupling-pin out, the car came back and shoved the pin through his hand into the dead-wood; that the appellee had no reason to suspect that the cars would be moved when he went in between them to inspect; that when he took hold of the pin, there was five inches space between the pin and the dead-wood; that there were no lugs to prevent the draw-bar from going back, nor bulging of the head of the draw-bar to prevent it from so doing; that there was no device of any kind to prevent the draw-bar from going under; this kind of a draw-bar was called a spindle draft-iron. Appellee was held until the slack ran back, then he pulled his hand out; the coupling device was on the head end of the car, being numbered 4307.

The rules of the company require that conductors should particularly know that the cars in their trains are in good order when entering or leaving a siding or waiting for other trains, and all cars taken in their trains at intermediate stations must be examined with extra care, and it is the duty of the inspector to inspect the cars before they are ordered out, as the car, the draw-bar of which injured appellee, had just been, prior to his injury.

It is the duty of the car inspector to see that machinery is in order—the wheels, springs, lugs, plates, draft-iron, etc.

The main point of controversy in the trial before the jury was as to whether the draw-bar and its appliances were in such a state of repair and proper construction as that it would not go farther back than was usual in such machinery.

If it was out of repair and would go too far back, and for that reason appellee got his hand mashed while having hold of the pin, not having notice of the defect, then he had a right of recovery, if he, under all the circumstances, was in the exercise of ordinary care and the jury believed appellant negligent in not discovering and not repairing the machinery.

This was all a question of fact for the jury.

The appellant is chargeable with notice, because its inspector had just oiled and inspected the train, and must have seen the defective condition of the draw-bar, if the jury believed that the draw-bar and coupling-pin were defective.

There was some objection to the introduction of evidence on part of appellee, but we think not well taken; even if some of the questions allowed and answered were somewhat objectionable we can not see that any serious harm was done, and the errors would be too slight to justify the court in reversing the judgment on that account.

The court below was asked by appellant to instruct the jury to render a verdict in its favor.

It was not only not error to refuse this, but it would have been error under the state of the evidence to have given it.

While the evidence was somewhat conflicting on the main issue in the case, we think it was a fair case for the jury, and that it was justified, after a fair hearing, in finding for appellee. The evidence is somewhat voluminous and it would serve no good purpose for us in this opinion to go into a detailed examination of it; suffice it to say, we have given it a careful examination.

Seeing no error in the record, the judgment of the Circuit Court is affirmed. Judgment affirmed.